IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE J. WATSON,
    Petitioner,

vs.                                  Case No. 4:08cv428/SPM/EMT

WALTER A. MCNEIL,
    Respondent.
_____/

**ORDER**

This cause is before the court upon Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 6). Also pending is Respondent's "Motion for More Definite Statement" (Doc. 19), which will be granted to the extent that Petitioner shall be required to file an amended petition.

The court notes that Petitioner failed to correctly complete the § 2254 petition form, therefore, he must amend the petition before this action may proceed. Petitioner has failed to clearly establish his claims for relief as the claims listed in the petition do not correspond to the claims in his memorandum in support of the petition. Additionally, Petitioner has listed more than one claim in each ground for relief. For example, although Petitioner raises a lack of subject matter jurisdiction claim in ground one of his petition (Doc. 1 at 4), he raises lack of subject matter jurisdiction and ineffective assistance of counsel claims in "Ground 1-A" of his supporting memorandum (*id.* at 11–13 ). In ground two of his petition, although Petitioner claims that the 3.850 court violated his constitutional rights by "improperly" considering a probable cause affidavit from an investigating officer (*id.* at 4–5) and that counsel was ineffective for failing to recognize that a police report is not a sworn affidavit (*id.* at 4), he raises ineffective assistance of counsel and double jeopardy claims in "Ground 2-B" of his supporting memorandum (*id.* at 14–16). In ground three of his petition, Petitioner raises a double jeopardy claim (*id.* at 5); however, in "Ground 3-C" of his supporting memorandum, he raises double jeopardy claims and argues that his sentence was

improperly enhanced (*id.* at 18–20). Petitioner raises ineffective assistance of counsel claims for counsel's failure to investigate and depose witnesses in ground four of his petition (*id.* at 5–6); however, in "Ground 4-D" of his supporting memorandum, Petitioner raises the claim of ineffective assistance of appellate counsel (*id.* at 21–23). Petitioner raised the following additional claims in his supporting memorandum: (1) the 3.850 court erred in denying Petitioner's request for a new trial because he did not participate in the side bar conferences during voir dire ("Ground 5-E"); (2) the 3.850 court violated Petitioner's constitutional rights by denying Petitioner's 3.850 motion for a new trial which alleged that Petitioner was prohibited from fully participating in jury selection ("Ground 6-F"); (3) the trial court erred by giving an improper jury instruction and lesser included offenses for the crime of burglary, and the appellate court erred by not considering Petitioner's arguments regarding the improper jury instructions ("Ground 7-G"); (4) the trial court improperly denied Petitioner's 3.800(a) motion which asserted that the trial court gave an improper jury instruction for the crime of sexual battery, and the appellate court erred by affirming the trial court's decision ("Ground 8-H"); and (5) appellate counsel was ineffective for failure to raise claims that the trial court erred in adding "victim injury" points to his scoresheet without first presenting victim injury facts to the jury, which resulted in the trial court imposing a sentence beyond the statutory maximum ("Ground 9-I") (*see* Doc. 1 at 23–41). This ambiguous numbering system is not acceptable as Petitioner's claims for relief are unclear.

The use of a prescribed form, required by Rule 5.1(J) of the Local Rules for the Northern District of Florida, was adopted for reasons of administrative convenience. This court, with its large volume of habeas actions, saves valuable time if it is not required to decipher lengthy and often unintelligible motions or petitions. This saving would be lost if Petitioner were allowed to file a petition form and supporting memorandum that do not correspond and make it difficult to determine the precise nature and number of Petitioner's claims. In light of the administrative benefits derived from the use of the form, Petitioner should be required to fully complete the form, even if he needs to attach pages setting forth additional grounds and supporting facts. Therefore, Petitioner must amend his petition to <u>clearly</u> enumerate his claims so that the claims in his petition match the claims in his supporting memorandum and further, Petitioner must state <u>one claim</u> for each ground for relief.

Finally, although the court previously granted Petitioner's motion for leave to exceed the twenty-five page limit, Petitioner is strongly encouraged to comply with the Local Rules which provide that his petition may not exceed twenty-five (25) pages absent leave of court and upon a showing of good cause. *See* N.D. Loc. R. 5.1(J)(3). For example, Petitioner submitted exhibits with his supporting memorandum totaling nine (9) pages (Doc. 1 at 43–51). Petitioner is advised that the submission of exhibits at this time is unnecessary. Respondent will be required to submit, in conjunction with his answer, those portions of the state court record that he deems relevant. Petitioner will then have the opportunity to file a reply, at which time he may submit additional portions of the state court record that he deems necessary. Upon receipt of the answer and Petitioner's reply, the court will review the file to determine whether expansion of the record is necessary and whether an evidentiary hearing is required. An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court. If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires pursuant to § 2254 Rule 8(a). Therefore, Petitioner shall be required to amend his petition to correct the deficiencies.

To amend his petition, Petitioner should completely fill out a new habeas petition form, marking it "Amended Petition." Petitioner is advised that the amended petition must contain all of his grounds for relief, and it should not in any way refer to the original petition. The amended petition completely replaces all previous petitions; when an amended petition is filed, all earlier petitions are disregarded. Local Rule 15.1, Northern District of Florida. In addition, Petitioner shall provide two (2) complete copies of the petition, including all attachments, for service upon Respondent and the Attorney General.

Accordingly, it is **ORDERED**:

1. Respondent's Motion for a More Definite Statement (Doc. 19) is **GRANTED** as outlined in this order.

2. The clerk shall send Petitioner a copy of the form for use in Section 2254 cases. This case number should be written on the form.

3. Petitioner shall file an amended petition as instructed in this order. Petitioner should completely fill out the new petition form, marking it "Amended Petition." The amended petition

should not refer to the original petition.  Petitioner shall provide two (2) service copies of the amended petition, including all attachments, in addition to the original.

4. Petitioner's failure to submit the amended petition within **THIRTY (30) DAYS** from the date of docketing of this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this   28th   day of April 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**