IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE J. WATSON,
    Petitioner,

vs.                                                        Case No. 4:08cv428/SPM/EMT

WALTER A. MCNEIL,
    Respondent.
_____/

**ORDER**

        Petitioner initiated this action on September 22, 2008, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 6). On October 3, 2008, the undersigned directed service of the petition upon Respondent and provided Respondent with sixty (60) days to file a response to the petition (*see id.*). After Respondent requested, and was granted, several extensions of time for responding to the petition, Respondent filed a "Motion for More Definite Statement" (Doc. 19). In the motion Respondent asserted that Petitioner's petition was ambiguous, making it "impossible . . . to ascertain how many claims Petitioner is attempting to raise in his federal habeas petition" (*id.* at 2). The undersigned agreed with Respondent's assertion and granted the motion to the extent that Petitioner was directed to file an amended petition (*see* Doc. 20). Petitioner was specifically advised that he "must amend his petition to clearly enumerate his claims so that the claims in his petition match the claims in his supporting memorandum and further, [he] must state one claim for each ground for relief" (*id.* at 2).

        Now before the court are Petitioner's Amended Petition (Doc. 21) and "Request for Leave to Exceed the Twenty-Five Page's Limit" with regard to the amended petition (Doc. 22). Upon review of the amended petition, the undersigned has determined that it is ambiguous and fails to comply with the previous order directing Petitioner to file an amended petition. Petitioner will therefore be required to file a second amended petition.

        In amending the petition, Petitioner is advised that he must follow the format of the 2254

petition form that will be provided to him. The use of a prescribed form, required by Rule 5.1(J) of the Local Rules for the Northern District of Florida, was adopted for reasons of administrative convenience. This court, with its large volume of habeas actions, saves valuable time if it is not required to decipher lengthy and often unintelligible motions or petitions. This saving would be lost if Petitioner were allowed to create additional sections of the form, such as sections titled "Statement of the Case and Facts," "Summary of the Argument," and "Argument of Claims," as he has done in the amended petition (*see* Doc. 21 at 7–33).[1] Thus, the amended petition should contain only Petitioner's specific grounds for relief and facts in support thereof, as outlined on the form.

Moreover, <u>Petitioner should not combine claims for relief</u> — each ground should be stated separately, and the supporting facts for each ground should be stated separately (with one exception, as discussed *infra*). For example, Petitioner may be alleging several claims of ineffective assistance of trial counsel, including trial counsel's failure to object to the jury instructions, failure to object to the verdict form, and failure to permit Petitioner to participate in jury selection. If so, Petitioner should cite three separate grounds for relief, even though each claim is a claim of ineffective assistance of trial counsel. Similarly, if Petitioner is alleging several claims of ineffective assistance of appellate counsel, each claim must be stated as a separate ground for relief — even if the claim is related to a claim regarding the ineffectiveness of trial counsel. Likewise, Petitioner appears to raise claims of trial court error, both during his trial and with regard to the handling of Petitioner's post-conviction motion(s). If so, Petitioner must state each claim of trial court error separately, and provide facts in support of each claim. However, Petitioner need not repeat facts if the facts in support of separate claims are the same — he may refer to facts that have previously been provided in support of a related claim, <u>as long as his numbering system is logical and consistent</u>.

Finally, the court notes that Petitioner has filed a motion to exceed the twenty-five page limit (Doc. 22), as he did with regard to the original petition (Doc. 2), which shall be denied as moot since Petitioner is being directed to file a second amended petition. However, <u>Petitioner is advised that it is rarely necessary to file a habeas petition that exceeds the page limit</u>. Petitioner need only submit the petition on the court-approved form and: 1) specify all grounds for relief, 2) state the

---

[1]The page numbers in this order refer to the page numbers assigned by the CM/ECF docketing system.

Case No: 4:08cv428/SPM/EMT

facts supporting each ground, and 3) state the relief requested. *See* Rule 2, Rules Governing Section 2254 Cases. Thus, the submission of legal authority, arguments, and exhibits at this time is unnecessary.[2] Respondent will be required to submit, in conjunction with his answer, those portions of the state court record that he deems relevant. Petitioner will then have the opportunity to file a reply, at which time he may submit additional portions of the state court record that he deems necessary, cite legal authority, and respond to arguments asserted by Respondent.

To amend his petition, Petitioner should completely fill out a new habeas petition form, marking it "Second Amended Petition." Petitioner is advised that the amended petition must contain all of his grounds for relief, and it should not in any way refer to the original petition. The amended petition completely replaces all previous petitions; when an amended petition is filed, all earlier petitions are disregarded. Local Rule 15.1, Northern District of Florida. In addition, Petitioner shall provide two (2) complete copies of the petition, including all attachments, for service upon Respondent and the Attorney General.

Accordingly, it is **ORDERED**:

1. Petitioner's "Request for Leave to Exceed the Twenty-Five Page's Limit" (Doc. 22) is **DENIED as moot**.

2. The clerk shall send Petitioner a copy of the form for use in Section 2254 cases. This case number should be written on the form.

3. Petitioner shall file an amended petition as instructed in this order. Petitioner should completely fill out the new petition form, marking it "Second Amended Petition." The amended petition should not refer to the original petition. Petitioner shall provide two (2) service copies of the amended petition, including all attachments, in addition to the original.

4. Petitioner's failure to submit an amended petition within **THIRTY (30) DAYS** from the date of docketing of this order, that complies with the directives of this order, may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 28th day of May 2009.

---

[2] Although a memorandum of law may be filed with a petition, a memorandum is not necessary. *See* N.D. Fla. Loc. R. 5.1(J).

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**